Michael R. McCAULEY, Appellant,

v.

Kenneth J. THYGERSON, President,
Federal Home Loan Mortg.
Corp., et al.

No. 83–2028.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 9, 1984.
Decided April 24, 1984.

JePhunneh Lawrence, Washington, D.C., for appellant.

Mark C. Ellenberg, Washington, D.C., with whom Mary M. Kearney, Washington, D.C., was on the brief, for appellees.

Before WRIGHT, BORK and STARR, Circuit Judges.

Opinion for the court PER CURIAM.

PER CURIAM:

This case arises out of a decision of the Federal Home Loan Mortgage Corporation (FHLMC) in December 1982 to discharge appellant Michael R. McCauley from his position as systems analyst for FHLMC. McCauley brought an action in the District Court seeking $4.5 million in damages for breach of contract and deprivation of due process in violation of the Fifth Amendment to the Constitution. In our judgment this case presents two issues. First, did isolated oral representations by an FHLMC official that McCauley would be terminated only for "cause" give rise to an implied contract to that effect, and did FHLMC's decision to dismiss McCauley violate this agreement. Second, did FHLMC's decision to terminate McCauley constitute a deprivation of his employment rights without due process of law. The District Court, answering both questions in the negative, dismissed McCauley's complaint for failure to state a claim upon which relief could be granted. *See* Memorandum Order, D.D.C. Civil Action No. 83–1333 (August 19, 1983), Record Excerpts (RE) 1. We affirm.

## I. BACKGROUND

FHLMC hired McCauley in April 1979 as a systems analyst. At that time he signed FHLMC's standard employment application. His application bore the following notation immediately above the signature line: "I understand and agree that my employment is for no definite period and may be terminated without prior notice." *See* Addendum A to brief for appellees. Apparently McCauley served satisfactorily for several years. On December 16, 1982, however, he was discharged for reasons not entirely clear from the record.

On December 28, 1982 McCauley invoked the grievance procedure established by Section 205 of FHLMC's Personnel Policy Manual. When an employee files a written grievance, a grievance committee undertakes an independent investigation, conducts a full hearing at which plaintiff's counsel can appear, and then issues a written report containing the committee's factual findings. After investigation and a hearing at which McCauley's counsel presented his client's case, the grievance committee found that the discharge should be sustained. Kenneth J. Thygerson, president of FHLMC, so notified McCauley by letter dated January 28, 1983.

Four months later, McCauley filed in the District Court a complaint that sought $4.5 million in damages. He based this action on two theories. First, he claimed that his dismissal breached an implied term of his employment contract. McCauley premised this claim on certain purported oral representations by an unspecified official of

FHLMC that McCauley would be dismissed only "for cause." These representations, McCauley asserted, gave rise to an implied contract to that effect, and the dismissal violated this agreement. Second, he claimed that the Due Process Clause of the Fifth Amendment guaranteed him a pre-termination grievance hearing.

The District Court dismissed McCauley's complaint for failure to state a claim upon which relief could be granted. *See* Fed.R. Civ.P. 12(b)(6). The court found that well-settled principles of federal employment relations law precluded McCauley's breach of contract cause of action. Relying primarily on *Kizas v. Webster*, 707 F.2d 524, 535 (D.C.Cir.1983), the court held that McCauley's suit was barred because "[f]ederal workers may not seek redress of employment disputes on the basis of breach of contract * * *." Memorandum Order at 1, RE 1. Crucial to this decision, of course, was the court's finding that FHLMC is a part of the federal government. *See* Memorandum Opinion at 2 n. 1, RE 2. The court dismissed McCauley's due process claim on the ground that the post-termination grievance proceeding afforded McCauley all the process he was due under the Constitution. On appeal McCauley challenges both determinations.

## II. ANALYSIS

*The Breach of Contract Claim.* McCauley asserts an implied contractual right to continued employment with FHLMC absent cause for termination. The source of this right is far from certain. McCauley's employment application, and FHLMC policy, make clear the "at will" status of McCauley's employment, and thus do not support the existence of such a contractual right. *See* Addendum A to brief for appellees; Affidavit of Richard E. Battle, ¶ 2 (June 6, 1983), Exhibit 1 to Defendant's Motion to Dismiss (stating that employees serve at the pleasure of FHLMC). Nor do extrinsic sources such as basic civil service requirements create such an employment right for McCauley. Congress explicitly exempted FHLMC from civil service requirements,

*see* 12 U.S.C. § 1452(b)(9) (1982), and FHLMC employees thus receive no civil service protection against dismissal without cause. And McCauley points to no other statute, regulation, or consistent FHLMC practice, *see Ashton v. Civiletti*, 613 F.2d 923, 928–929 (D.C.Cir.1979), that creates for FHLMC employees any protection against dismissal without cause.

To support his claim McCauley instead points to an unnamed FHLMC official's oral representations that McCauley would not be terminated without cause. In essence McCauley is making a promissory estoppel argument; putting the best face on his position, his argument amounts to a claim that these oral representations should reasonably have been expected to, and in fact did, induce McCauley to rely on them to his detriment.

■ On review of the District Court's dismissal for failure to state a claim on which relief can be granted, we take all of appellant's factual allegations—including the alleged oral representations—as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236–238, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). These alleged oral representations do not, however, suffice to support a claim for relief on the facts of this case. Even if McCauley could make the additional required showing of detrimental reliance, he would still confront the formidable obstacle that FHLMC's status as a "government corporation" places in the path of his recovery.

■ Principles of promissory estoppel apply less broadly against the federal government than they might in situations involving only private actors. *Kizas v. Webster, supra,* 707 F.2d at 535 ("courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel"); *Shaw v. United States*, 640 F.2d 1254, 1260 (Ct.Cl.1981) ("Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal

Government to the employee, as they might if the employer were not the government"). This limited scope of estoppel is a consequence of the basic principle that federal government employees serve by appointment, not contract, and their employment rights "must be determined by reference to the statutes and regulations governing [terms of employment] rather than to ordinary contract principles." *United States v. Larionoff*, 431 U.S. 864, 869, 97 S.Ct. 2150, 2154, 53 L.Ed.2d 48 (1977). Promises of employment terms that contravene or otherwise exceed terms specified in statutes or regulations will not in most cases bind the federal government unless the federal official making the promise acted within the scope of his or her authority in doing so. *National Treasury Employees Union v. Reagan*, 663 F.2d 239, 249 (D.C.Cir.1981); *Molton, Allen & Williams, Inc. v. Harris*, 613 F.2d 1176, 1179 (D.C.Cir.1980).

■ In this case McCauley has alleged no facts that would bring him within the narrow scope of permissible promissory estoppel against the federal government. Congress granted FHLMC an exemption from the employee security provisions of the civil service laws, *see* 12 U.S.C. § 1452(b)(9), and FHLMC has, as the District Court noted, adopted a firm policy that all FHLMC employees (except the corporation's president) serve at the pleasure of FHLMC. *See* Memorandum Order at 2, RE 2. The oral representations on which McCauley relies contravene this firm policy, and McCauley has made no allegation that the FHLMC official making these representations had authority to waive this FHLMC rule. Indeed, there are no indications that any FHLMC official possesses such authority. Accordingly, McCauley's complaint will not support a claim of promissory estoppel against the federal government.

McCauley seeks to avoid this impediment by arguing that FHLMC should not be considered a federal government entity for purposes of employment relations and thus broader notions of promissory estoppel should apply here. This argument seeks to exploit FHLMC's somewhat ambiguous status as a "government corporation," an entity neither wholly in the public sphere nor wholly in the private sphere. McCauley stakes the argument on the point that FHLMC should not be considered a federal entity for employment purposes because FHLMC is exempt from civil service requirements. In essence McCauley argues that FHLMC should not be considered part of the government for purposes of limiting the applicability of promissory estoppel when to do so would leave FHLMC employees without any employment protections.

■ This argument is not without force, but ultimately is unpersuasive. That an entity is exempt from civil service requirements is not determinative of its status as a nongovernmental entity. *Kizas v. Webster, supra*, 707 F.2d 524 (restricted notions of promissory estoppel apply despite fact that FBI is exempt from civil service). Many entities indisputably part of the federal government—including the Federal Bureau of Investigation and the judiciary—are exempt from civil service requirements. *Id.* Though the question whether an entity is covered by civil service may be a factor in evaluating its status, this question does not end the inquiry. To determine whether restricted notions of promissory estoppel should apply in suits against FHLMC this court must make a broader examination that focuses on congressional intent.

■ We note at the outset the existence of numerous indicia of FHLMC's status as a federal entity for many purposes, including employment relations.* These indicia

---

* FHLMC was created by Congress, is owned by the federal home loan banks, themselves federal instrumentalities, 12 U.S.C. § 1453(a), and is controlled by the Federal Home Loan Bank Board, a federal agency. 12 U.S.C. § 1452(a); *id.* § 1437. *See Rocap v. Indiek*, 539 F.2d 174, 177 (D.C.Cir.1976) (finding FHLMC a federal entity for purposes of Freedom of Information Act, based on finding of "substantial federal control over its day-to-day operations"). Congress delegated to FHLMC the power to promulgate regulations necessary to carry out its statutory mandate as a public financial intermediary between mortgage originators and capital mar-

provide some evidence that Congress intended FHLMC to be treated as a federal entity for purposes of promissory estoppel as well. Our resolution of this issue ultimately turns, however, on functional considerations of the effect that application of broad notions of promissory estoppel would have in light of the congressional intent expressed in FHLMC's enabling act. One important purpose underlying restrictions on the application of promissory estoppel against federal entities is judicial respect for congressional intent within our constitutional system of allocated powers. When a court applies broad notions of promissory estoppel to bind a congressionally created entity to the unauthorized words or deeds of an official of that entity, the court may thwart the congressional intent embodied in the prescribed nature of, and limitations on, that entity's authority. *See* Note, *Equitable Estoppel of the Government*, 79 COLUM.L.REV. 551, 565–567 (1979). Thus a crucial inquiry for this court is whether application of broad notions of promissory estoppel would thwart congressional intent.

■ In the present case we have no doubt that broad application of promissory estoppel in FHLMC employment relations cases would thwart congressional intent. Congress made a considered decision specifically to exempt FHLMC from civil service requirements, 12 U.S.C. § 1452(b)(9), including employee protections against termination without cause. In light of pervasive indications that Congress intended FHLMC to be considered a federal entity for most employment relations purposes, we read this exemption in Section 1452(b)(9) not as expressing congressional intent that FHLMC be treated as a private entity, but as expressing a congressional judgment that FHLMC—though a federal entity for most employment relations purposes—

needed special flexibility in its decisions as to hiring and firing employees. FHLMC has implemented the congressional intent expressed in this exemption by establishing a firm policy that all employees serve at the pleasure of FHLMC. A decision to treat FHLMC as if it were a private employer for purposes of promissory estoppel would undermine this congressional intent. We therefore find that FHLMC should be considered a federal entity for purposes of deciding the proper scope of promissory estoppel in FHLMC employment relations cases. On this basis we affirm the District Court's decision to dismiss McCauley's promissory estoppel claim.

■ *The Due·Process Claim.* McCauley's due process argument is without merit. Having found that McCauley had no expectation of continued employment absent "cause" for dismissal, we are compelled to conclude that McCauley has not asserted any property interest that the Constitution's due process guarantee protects. *Arnett v. Kennedy*, 416 U.S. 134, 152, 94 S.Ct. 1633, 1643, 40 L.Ed.2d 15 (1974). We note that our disposition of this issue differs from that of the District Court, which found that the post-termination process afforded McCauley satisfied constitutional requirements. Because we find that McCauley has asserted no property or liberty interest that the Constitution protects, we express no opinion on whether the process afforded McCauley in this case might have been sufficient had he asserted an interest that the Constitution protects.

## III. CONCLUSION

The District Court properly dismissed McCauley's complaint on the ground that his breach of contract claim could not be

---

kets. Congress also exempted FHLMC from all state and federal taxation. 12 U.S.C. § 1452(d).

More importantly, Congress appears to have intended to create FHLMC as an entity subject to the employment regulations governing federal entities for most purposes. FHLMC is a "government corporation," 5 U.S.C. § 103 (1982), which *id.* § 105 defines as an "Executive agency" for federal employment purposes. By

virtue of its inclusion in § 105, FHLMC is subject to the nondiscrimination and affirmative action statutes governing federal employment. *See* 42 U.S.C. § 2000e–16 (1976 & Supp. V 1981) (Title VII); 38 U.S.C. § 2014(c) (1976 & Supp. V 1981) (Veterans Readjustment Act of 1974); 29 U.S.C. § 791 (1982) (Vocational Rehabilitation Act of 1973); 29 U.S.C. § 633(a) (1982) (Age Discrimination in Employment Act).

brought against FHLMC and his due process claim was without merit.

*Affirmed.*