[No. 9123-6-III. Division Three. March 7, 1989.]

JOLENE GRIMES, *Appellant*, v. ALLIED STORES
CORPORATION, *Respondent*.

*David Williams, Alexander Skalbania,* and *Critchlow &
Williams,* for appellant.

*Nancy Williams* and *Perkins Coie,* for respondent.

THOMPSON, C.J.—Jolene M. Grimes appeals a summary
judgment dismissing her action for wrongful termination
against her former employer, Allied Stores Corporation,
d/b/a The Bon Marche. We hold that because Ms. Grimes
agreed when she was hired to a terminable–at–will status,
she could not justifiably rely upon her interpretation of The
Bon's personnel policy manual, that it provides for dis-
charge only for cause. Thus, we affirm the summary judg-
ment.

Ms. Grimes contends she relied on pages 4.1.1 and 4.1.2
of The Bon's personnel policy manual which The Bon had
posted in the employees' lunchroom and which provides:

POLICIES PROTECTING YOU AND YOUR STORE

In all organizations there must be rules to maintain harmony and fairness. The Bon has certain policies and regulations regarding behavior that are necessary for the efficient operation of the company and for the benefit and protection of the rights and safety of employees. All employees are expected to conduct themselves and behave in a manner which is conducive to the efficient operation of business.

Any of the following actions may result in immediate discharge without a prior warning:

There follows a list of 20 items of specific conduct ranging from carrying a concealed weapon on company premises to engaging in outside activities which compete with The Bon. The final item on the list is "[a]ny other substantially equally serious infraction detrimental to the orderly conduct of business". Sections 4.1.1 and 4.1.2 indicate that the policies became effective in March 1985.

The Bon refers the court to the employment application Ms. Grimes signed in 1975. The application reads: "It is agreed that my employment is without limit and may be terminated by either party with payment of salary earned at time of termination." In addition, The Bon points to page 1.1.2, the introduction to the personnel policy manual, which contains the following disclaimer:

The personnel policies contained in this handbook are designed and intended to be guidelines. It is understood that such policies cannot serve as absolute rules, and exceptions may be necessary based on unusual circumstances. The policies are not designed, nor do they create, a right or provision for a contract of employment for any person, nor does the failure on the part of the company to apply any of these policies, in any case, give rise to a claim against the company.

However, The Bon does not assert that Ms. Grimes had actual knowledge of the disclaimer.

*Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 685 P.2d 1081 (1984) is the seminal case in Washington in the area of exceptions to the employment–at–will doctrine. There, the employee had no formal written contract of

employment. *Thompson,* at 223. In stating a cause of action for wrongful termination, *inter alia,* he relied on excerpts from his employer's policy and procedural guide. *Thompson* held that "employers may be obligated to act in accordance with policies as announced in handbooks issued to their employees." *Thompson,* at 229. The court reasoned:

> It would appear that employers expect, if not demand, that their employees abide by the policies expressed in such manuals. This may create an atmosphere where employees *justifiably rely* on the expressed policies and, thus, justifiably expect that the employers will do the same. . . .
>
> Therefore, we hold that if an employer, for whatever reason, creates an atmosphere of job security and fair treatment with promises *of specific treatment in specific situations* and an employee is induced thereby to remain on the job and not actively seek other employment, those promises are enforceable components of the employment relationship.

*Thompson,* at 230.

■ The dispositive issue here is whether Ms. Grimes justifiably relied upon the cited statements in The Bon's policy manual. The Supreme Court recently held that a bank president's terminable–at–will employment contract prevailed over the language of a personnel policy manual providing for immediate discharge only for "flagrant disregard" of policies and practices. *St. Yves v. Mid State Bank,* 111 Wn.2d 374, 375, 757 P.2d 1384 (1988). *St. Yves,* at 379, underscored the following language from *Thompson v. St. Regis Paper Co., supra* at 229:

> *[A]bsent specific contractual agreement to the contrary,* we conclude that the employer's act in issuing an employee policy manual can lead to obligations that govern the employment relationship.

(Italics ours.)

In *St. Yves,* the policy manual had been drafted by a prior bank president in 1984, *St. Yves,* at 376. Mr. St. Yves signed his terminable–at–will employment contract with

the bank in June 1984. *St. Yves,* at 375. Thus, it appears the policy manual was in existence at the time Mr. St. Yves entered into his agreement. Here, Ms. Grimes signed her employment application some 10 years *before* the 1985 effective date of the policy manual in question. However, we hold this distinction is not material. Whether the terminable–at–will contract came before or after the policy manual, the effect of such a contract is to prevent the employee from justifiably relying on language in the policy manual which may be contrary to the contract.[1] Here, Ms. Grimes' specific agreement in her application preempts the arguably inconsistent policy manual. *See also Willis v. Champlain Cable Corp.,* 109 Wn.2d 747, 748 P.2d 621 (1988).

Our holding should not be interpreted as meaning that policy manual provisions can never supersede a written terminable–at–will contract. The employer and employee are free to contractually modify their prior agreement. But, "requisites of contract formation, offer, acceptance and consideration are necessary predicates to establishing that policies in an employment manual are part of the employees' original employment contract or part of the employment contract as modified by the parties." *Thompson,* at 228. Ms. Grimes has not offered any evidence to show that the parties intended to be contractually bound by the statements in the policy manual. Thus, cases such as *Ferraro v. Koelsch,* 124 Wis. 2d 154, 368 N.W.2d 666, 673 (1985), which held that statements in a manual amounted to an express contract to dismiss only for cause, are distinguishable.

Accordingly, we uphold the summary judgment dismissing Ms. Grimes' cause of action for wrongful termination. In light of this holding, we need not address the remaining issues raised by Ms. Grimes.

---

[1] Other jurisdictions also have held that the terms of the employment contract control. *See Reid v. Sears, Roebuck & Co.,* 790 F.2d 453, 460 (6th Cir. 1986); *Gianaculas v. Trans World Airlines, Inc.,* 761 F.2d 1391 (9th Cir. 1985); *McCauley v. Thygerson,* 732 F.2d 978 (D.C. Cir. 1984); *Carpenter v. American Excelsior Co.,* 650 F. Supp. 933 (E.D. Mich. 1937).

558

Affirmed.

GREEN and MUNSON, JJ., concur.

Review denied at 112 Wn.2d 1025 (1989).