116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otto J. MILLER, Appellant,
v.
CITY of Sequin, a Municipal Corporation; Edward BEGGS,
Mayor of the City of Sequim, Defendants-Appellees.
 No. 95-36120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997.
Decided June 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-94-05565-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: WRIGHT, PREGERSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Otto J. Miller brought this action under 42 U.S.C. § 1983 and various state laws against the City of Sequim and its Mayor, Edward Beggs, for discharging him from his position as the City's Director of Planning. The district court denied Miller's motion for partial summary judgment and granted summary judgment in favor of the City and the Mayor. We affirm.
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 I.
 
 4
 This court reviews a district court's grant of summary judgment de novo. Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1043 (9th Cir.1996). This court will affirm the district court's judgment if there is no genuine issue of material fact and the district court correctly applied the relevant substantive law. Id.
 
 II.
 
 5
 Washington law presumes an "at will" employment relationship. Greaves v. Medical Imaging Sys., Inc., 124 Wash.2d 389, 393, 879 P.2d 276, 278-79 (1994). Miller contends that the representations of the Mayor and City Councilman Schlaffman entitled Miller to "for cause" status. This claim is without merit.
 
 
 6
 Miller's Employment Application unequivocally states that Miller is an "at will" employee. This is not changed by the fact that Miller backdated his Application to a date prior to his negotiations with the City and the Mayor or by the fact that Miller told the City's Clerk/Treasurer, Ms. Muirhead, that he was signing the Application "under duress." See Grimes v. Allied Stores Corp., 53 Wash.App. 554, 554, 768 P.2d 528, 529 (1989) (holding that a specific agreement in an employment application providing for at will employment "preempts the arguably inconsistent policy manual"); see also Hibbert v. Centennial Villas, Inc., 56 Wash.App. 889, 893, 786 P.2d 309, 311 (1990) ("An express agreement affirming the terminable-at-will relationship precludes a party from claiming an implied contract to the contrary.").
 
 
 7
 Thus, the oral representations did not give rise to "for cause" status.
 
 III.
 
 8
 Although the oral representations did not give Miller "for cause" status, Miller attained such status upon joining Teamsters General Local No. 589 (the "Union"). The Union's collective bargaining agreement specifically provides that nonprobationary employees--those employees with at least one year on the job--may only be discharged for cause. The addendum to the collective bargaining agreement provides that department heads, including Miller, are entitled to "all rights and privileges" of the collective bargaining agreement, "excluding the grievance procedure."
 
 
 9
 Although the collective bargaining agreement specifically excluded department heads, including Miller, from the grievance procedures, Miller still attained for cause status under the collective bargaining agreement. Cf. Trumbauer v. Group Health Coop., 635 F.Supp. 543, 548 (W.D.Wash.1986) (holding that a probationary employee lacking access to a collective bargaining agreement's grievance procedure, was terminable-at-will). Thus, because Miller was a nonprobationary employee entitled to all "rights and privileges" under the collective bargaining agreement, he could only be discharged "for cause."
 
 IV.
 
 10
 So long as Miller remained with the Union, he was entitled to for cause status. On December 31, 1993, however, Miller ended his Union membership after attending several administrative meetings. In voluntarily leaving the Union, Miller lost any rights and privileges that he had previously attained under the collective bargaining agreement, including his "for cause" status. At that point, Miller returned to his original at will employment status. Miller has failed to provide any authority that an employee that attains for cause status solely through a collective bargaining agreement retains that status upon voluntarily leaving the bargaining unit.
 
 
 11
 This is not a case where the state impermissibly declares a property interest in for cause employment "non-property"; rather, in this case, Miller voluntarily altered his own status by leaving the Union. See Gabe v. County of Clark, 701 F.2d 102, 103 (9th Cir.1983) (noting that it is impermissible for the state to declare an interest to be non-property after the fact). In doing so, Miller lost all the benefits of the agreement, and returned to at will status.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Miller has failed to establish a violation under 42 U.S.C. § 1983, we need not address his claim for attorney fees under 42 U.S.C. § 1988 or the Mayor's qualified immunity claim