**Paula GABE, Plaintiff/Appellant,**

v.

**The COUNTY OF CLARK, et al.,
Defendants/Appellees.**

No. 82–5052.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 13, 1982.

Decided March 9, 1983.

Peter N. Reynolds, Johnson, Pilkington & Reynolds, Las Vegas, Nev., for plaintiff-appellant.

Stanley W. Parry, Deputy Dist. Atty., Las Vegas, Nev., for defendants-appellees.

Before SKOPIL and FLETCHER, Circuit Judges, and GRAY,* District Judge.

PER CURIAM:

Appellant, Paula Gabe, filed this action against appellee, Clark County, Nevada, under 42 U.S.C. § 1983, alleging a denial of due process in the termination of her employment. Following a hearing the district court granted summary judgment in favor of Clark County and dismissed the action. We reverse and remand.

On June 7, 1971, Paula Gabe was employed by the appellee in the Clark County Clerk's office. On September 20, 1976, she transferred from her job as court clerk to become legal secretary to Judge Keith Hayes of the Eighth Judicial District.

There is no dispute that during Gabe's tenure in the Clerk's office she was entitled to all the normal rights of a merit employee. These rights included the due process protection of notice and hearing upon employment termination, under provision of Nevada law. Additionally, upon termination, employees are entitled to priority consideration for lateral transfer to another County job. It is also undisputed that at the time she became Judge Hayes' legal secretary, the plaintiff's status as a full County employee remained unchanged.

On April 3, 1978, the Personnel Manual of the Eighth Judicial District was adopted by

---

* The Honorable William P. Gray, Senior United States District Judge for the Central District of California, sitting by designation.

that court. Rule 7.1 provides that the secretary to a judge, as a member of the judge's personal staff, serves at the pleasure of the judge and is not entitled to the normal termination procedures of notice and hearing accorded regular County employees. The plaintiff had no notice of the adoption of this rule, and, on December 29, 1978, Judge Hayes fired her, purportedly for cause. Despite the plaintiff's request for written notice of discharge and a hearing, neither was given.

The confusion over the plaintiff's employment status upon her discharge resulted in the County Personnel office providing her with eight to ten interviews looking toward lateral transfer to other jobs with the County, despite her peremptory dismissal by Judge Hayes. However, no lateral transfer was made, and Gabe ultimately took a job in private employment at a monthly salary lower than that offered by her position as legal secretary.

Notwithstanding Rule 7.1, the plaintiff contends that at the time of her termination she had a legitimate claim of entitlement to continued job security as a County employee, guaranteed by rights to notice, hearing, and consideration for lateral transfer to another County position. She seeks lost wages and general damages from what she alleges to be wrongful termination. The County contends that Rule 7.1 effectively deprived the plaintiff of such guarantees and that she therefore served at the judge's pleasure and could be terminated without any of the County termination rights.

The court below denied Gabe's motion for summary judgment on the issue of liability, granted Clark County's motion for summary judgment and dismissed the action. In doing so, the judge asserted the conclusion that Rule 7.1 governed the nature of Gabe's employment; that its adoption was a valid exercise of judicial administration and judicial power under the Nevada Constitution; and that Rule 7.1 removed any expectation of a protectable property interest in employment while serving in the position of a judge's legal secretary. He thereupon held that the appellant was not entitled under state law to notice and hearing upon termination accorded by the due process clause of the Fourteenth Amendment.

We agree with the district court that the Nevada State Judiciary had the inherent authority to adopt Rule 7.1. *Goldberg v. Eighth Judicial District for the County of Clark,* 93 Nev. 614, 572 P.2d 521, 522 (1977); *City of North Las Vegas v. Daines,* 92 Nev. 292, 550 P.2d 399 (1976). We further agree that Rule 7.1 eliminates any expectation of a protectable interest in the legal secretary position for anyone hired after Rule 7.1 was adopted. It is well established that an employee has no legitimate expectation in continued employment, and thus no protected interest under the Fourteenth Amendment, where state law provides that a public employee holds a position at the will and pleasure of the employer. *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 11, 98 S.Ct. 1554, 1561, 56 L.Ed.2d 30 (1978); *Bishop v. Wood,* 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077–2078, 48 L.Ed.2d 684 (1976); *Perry v. Sindermann,* 408 U.S. 593, 602 n. 7, 92 S.Ct. 2694, 2700 n. 7, 33 L.Ed.2d 570 (1972); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 448 (2d Cir.1980). The enactment of Rule 7.1 could not, however, terminate Gabe's protectable job security interest by changing the status of her employment without her knowledge and consent. *Quinn,* 613 F.2d at 448. In *Quinn* the Second Circuit stated:

"Thus, although the primary source of property rights is state law, the state may not magically declare an interest to be '*non* -property' after the fact for Fourteenth Amendment purposes if, for example, a longstanding pattern of practice has established an individual's entitlement to a particular government benefit." *Id.* (citations omitted).

Accordingly, at the time of the promulgation of Rule 7.1, the plaintiff was entitled to notice thereof and a reasonable time within which to make her decision whether to continue in her current position as legal secretary, despite the removal of the job security safeguards, or seek to return to the Clerk's office, accept a lateral transfer to other County employment, or look for a position elsewhere. Not having been accorded such

notice or opportunity, she is entitled to damages.

The case is remanded to the district court for determining the appropriate amount of damages and for judgment for the plaintiff accordingly. In making this determination, the court should give consideration to several factors that, in view of its initial disposition, have not been adjudicated:

(a) Whether or not at the time of the plaintiff's discharge, a return to the Clerk's office or a lateral transfer at comparable pay were available to her;

(b) Whether or not, if the plaintiff had not been discharged, she would have elected to remain with Judge Hayes, even after notice of the removal of her job security safeguards;

(c) Such other factors as the district court may deem relevant to damages and attorneys' fees.

REVERSED AND REMANDED.