Russell J. BECKWITH,
Plaintiff-Appellant,

v.

COUNTY OF CLARK,
Defendant-Appellee.

No. 86–1553.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1987.

Decided Sept. 9, 1987.

Richard Segerblom, Las Vegas, Nev., for plaintiff-appellant.

Janice A. Hodge, Las Vegas, Nev., for defendant-appellee.

Before CHOY, PREGERSON and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant Russell J. Beckwith filed suit against Clark County, Nevada ("the County") alleging that the County had terminated his employment in violation of his statutory and due process rights. The County moved for summary judgment, asserting that Beckwith had no property interest in his job and that due process protection was unavailable to him as a matter of law. The district court granted summary judgment for the County, and Beckwith appeals. We reverse.

*Background*

Between the years of 1973 and 1984, Beckwith was employed by the County in three positions. From June 1973 to February 1975, he served as personal bailiff to Eighth Judicial District Court Judge William Compton. Under County law, this was a position from which Beckwith could have been discharged at will. When Judge Compton was not reelected in 1975, Beckwith resigned from his position as bailiff.

In April 1975, Beckwith was appointed by Justice Court Judge Robert Legakes to serve as his personal Justice Court bailiff. This was a permanent position with full civil service protection.

Judge Legakes was then elected to the Eighth Judicial District Court. In January 1979, Beckwith transferred to the Eighth Judicial District Court in the position of personal bailiff to Judge Legakes. In this position, as with the position that Beckwith held with Judge Compton, Beckwith served "at the pleasure" of the judge under County law.

In September 1983, the County honored Beckwith for his ten years of "loyal and conscientious" service.

In April 1984, Judge Legakes resigned from the court, and Beckwith was told that he must resign also. Beckwith objected to this command, asserting that he was a permanent, civil service employee. When Beckwith refused to resign, the County fired him.

Beckwith filed this action against the County under 42 U.S.C. § 1983, alleging that his termination was "without warning or cause" and violated his statutory rights and his right to due process under the United States Constitution. The district court granted defendant's motion for summary judgment.

*Discussion*

This court reviews a grant of summary judgment de novo. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1985). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *Id.* We must determine, viewing the evidence in the light most favorable to Beckwith, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The Supreme Court has recognized that a government employee is entitled to due process when the employee has a property interest in a benefit, such as continued employment, despite the lack of tenure or formal contract. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33

L.Ed.2d 548 (1972). The Court has held that an interest in a benefit is a property interest for due process purposes if there is a mutually explicit understanding or a state law or other rule that supports the claim of entitlement to the benefit. *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *see also Dorr v. County of Butte*, 795 F.2d 875 (9th Cir.1986). In this case, it is clear that Beckwith had a property interest in his job with Judge Legakes on the Justice Court because that job was a permanent civil service position. *See Dorr*, 795 F.2d at 876. The issue before us is whether the district court erred in determining that, as a matter of law, Beckwith was not entitled to recover on his due process claims. We hold that genuine issues of material fact exist here on the questions whether Beckwith was accorded due process before he was divested of his property right in his civil service status and whether he was damaged by any denial of due process. Therefore, we reverse the district court's order granting summary judgment for the County.

In *Gabe v. County of Clark*, 701 F.2d 102 (9th Cir.1983), plaintiff served as a judge's secretary in Clark County. When Gabe was hired as a secretary, the job was a permanent civil service position under the applicable rules. While Gabe occupied the secretarial position, a rule was passed making judges' secretaries at-will employees. Later on, Gabe was fired, and she brought suit contending that her due process rights had been violated. We agreed that a due process violation had occurred, noting that the new rule "could not ... terminate Gabe's protectable job security interest by changing the status of her employment without her knowledge and consent." *Id.* at 103. We stated that Gabe was entitled to notice of the rule change and a reasonable time to decide whether to continue in her secretarial position or to transfer to another position. Because Gabe had been denied notice and a reasonable time for decision, we held that she was entitled to damages. *Id.* at 103–04.

Beckwith alleges that when he decided to transfer to the Eighth Judicial District Court as a bailiff, he was unaware of the risk of losing his property right in his civil service status; he also alleges and that he was injured by his employer's failure to inform him of this risk. The evidence that Beckwith submitted in opposition to defendant's summary judgment motion indicates that the nature of his job transfer did not make it apparent that the transfer would divest him of this property right. Thus, as in *Gabe*, Beckwith allegedly had no reasonable notice of the impending loss of his civil service status.

Appellee attempts to distinguish *Gabe* on the basis that the employer in *Gabe* unilaterally deprived plaintiff of her property right, while in the case before us Beckwith voluntarily consented to give up his property right. In light of *Alexander v. City of Menlo Park*, 787 F.2d 1371 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 879, 93 L.Ed.2d 833 (1987), we do not find this distinction to be compelling.

In *Alexander*, plaintiff was employed as a youth services facility director for Menlo Park, California. City rules provided Alexander with "bumping rights:" he had the right to be "bumped down" to an inferior position rather than being terminated from employment altogether. The city terminated Alexander without informing him that he possessed these bumping rights. We held that the bumping rights were a property right protected by the due process clause and that the failure to inform Alexander of these rights was a denial of due process. *Id.* at 1374. We remanded to the district court for a factual determination whether Alexander would have exercised the bumping rights if he knew of them, and we placed the burden on the city to show that Alexander would not have accepted one of the inferior positions. *Id.* at 1375.

In *Alexander*, as in the instant case, the employer engaged in no affirmative conduct to induce the employee to waive his property right. It is true that Alexander was terminated whereas Beckwith chose to change jobs. But the meaningful similarity between *Alexander* and the instant case is between Alexander's "decision" not to exercise his bumping rights and Beckwith's

"decision" to forego his civil service status. In both cases the plaintiff "voluntarily" pursued a course of conduct that resulted in the loss of a property right, which consequence was clearly spelled out in the applicable rules. Thus, under *Alexander* it is immaterial that Beckwith chose to transfer jobs or that his civil service status in both jobs was clearly defined under County law.

Under *Gabe* and *Alexander*, it is clear that Beckwith had a property right in his civil service status and that he was entitled to due process before he could be divested of that property right. The remaining questions are (1) whether Beckwith was in fact denied due process and (2) whether, if there was a denial of due process, Beckwith was damaged by it.

The first issue, whether Beckwith was denied due process when he lost his civil service status, raises a genuine issue of material fact, and we therefore hold that summary judgment should not have been granted for the County. In *Gabe* and *Alexander*, we held that before an employee can be divested of civil service status or bumping rights, due process requires that the employee be given notice and an opportunity to decide whether to give up the relevant right. Thus, the question whether Beckwith received due process reduces to the factual question whether Beckwith received actual or constructive notice of the fact that by transferring to the Eighth Judicial District Court he was giving up his civil service status.

The notice required by due process can be actual or constructive. If the employee in fact *knew* that he or she would lose a property right by taking certain action, then due process concerns are satisfied under *Gabe* and *Alexander*. If the circumstances were such that the employee *should have known* of the impending loss of a property right, then due process requirements are similarly satisfied.

In this case, the evidence does not determinatively indicate whether Beckwith knew or should have known that by transferring jobs he would lose his civil service status. The evidence supporting a conclusion that Beckwith did *not* have actual or constructive notice includes (1) that Beckwith was employed continuously by one employer, Clark County; (2) that he was honored for ten years' continuous service with the County, encompassing his work as a bailiff in both the Justice Court and the Judicial District Court; and (3) that he remained in the direct service of the same individual, Judge Legakes. In addition, Beckwith's affidavit in opposition to the summary judgment motion states that "I agreed to this transfer because it was represented to me that all my rights, benefits, and longevity would be continued." If any such representations were made to Beckwith, this would indicate that he received no notice of his impending loss of civil service status. The evidence supporting a conclusion that Beckwith *did* receive actual or constructive notice includes (1) that he had served with Judge Compton as a bailiff on the Justice Court, so that he presumably knew that a Justice Court bailiff served at the pleasure of the judge; and (2) that the job transfer entailed physically moving from one courthouse to another.

Because there is credible evidence on both sides of this issue, it is for the finder of fact to determine whether Beckwith received actual or constructive notice. The burden would be on Beckwith to show a failure of notice. If the finder of fact determines that Beckwith did not receive notice, Beckwith is entitled to recover only if he has suffered some damage. *See Alexander*, 787 F.2d at 1375. Therefore, the finder of fact must determine whether, if Beckwith had been informed that by transferring he would lose his civil service status, he would have decided not to transfer. The burden would be on the County to show that Beckwith would have transferred jobs even had he received notice. *Id.*

Because genuine issues of material fact remain, we reverse the district court's order granting summary judgment for the County.

REVERSED and REMANDED for proceedings consistent with this opinion.