**Patrice Ann McGRAW,
Plaintiff–Appellant,**

v.

**CITY OF HUNTINGTON BEACH;
Charles Thompson; and Earl
Robitaille, Defendants–Appellees.**

No. 87–6467.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 31, 1988.

Decided Aug. 10, 1989.

James G. Harker, Costa Mesa, Cal., for plaintiff–appellant.

Charles W. Matheis, Jr., Buck, Ammirato, Rutter & Moore, Long Beach, Cal., for defendants-appellees.

Before FLETCHER, ALARCON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Patrice Ann McGraw timely appeals from a summary judgment in favor of her employer, the City of Huntington Beach, and two individual city officials, in an action brought under 42 U.S.C. § 1983, seeking damages for an alleged deprivation, under color of state law and without due process of law, of her property right to continued public employment. McGraw, who was continuously employed by the City of Huntington Beach from August 1980 until she was summarily terminated in November of 1984, contends that the district court erred in ruling that she was a "probationary employee" with no property interest that would be protected by the due process clause of the fourteenth amendment. We reverse.

## I

McGraw was hired in August, 1980 as a half-time Police Clerk with the Records Division of the Huntington Beach Police Department ("HBPD"), in the City of Huntington Beach, California ("Huntington Beach" or "the City").[1] On December 1, 1980, appellant began to work part-time as a Clerk in the HBPD Training Division. McGraw started to work a full-time schedule with the HBPD beginning in December of 1981, passed her probationary period in June of 1982, and thus attained the status of a "permanent employee"[2] of the City of Huntington Beach as a Police Clerk. Although she alleges that she was there subjected to continuous sexual harassment beginning in January of 1981, appellant remained in her job at the HBPD for over three and a half years until she was "pro-

moted"[3] to the position of Clerk Typist Senior with the Huntington Beach Community Services Department on May 1, 1984.

Upon promotion, appellant was required to complete another six-month probationary period in her new position with Community Services.[4] Appellant never received a "permanent appointment"[5] to the Clerk Typist Senior position, however, because on October 9, 1984, appellant was told that she would not pass probation and was placed on a paid leave of absence.[6] McGraw's attorney notified appellees on October 17, 1984, that she was exercising her right to return to her former position as a Police Clerk with the HBPD.[7]

On November 21, 1984, McGraw received written notice from the Huntington Beach City Attorney that she had been "terminated"[8] effective November 6, 1984. The City

1. The Charter of the City of Huntington Beach, California, requires the City Council to "maintain by ordinance a comprehensive personnel system for the City." Charter of the City of Huntington Beach § 403. By resolution of October 7, 1974, the Huntington Beach City Council adopted a comprehensive set of "Rules and Regulations Governing Personnel Activities" for the City's competitive service. The stated purpose of these rules was, in part, "to define obligations, rights, benefits and prohibitions on all *city employees*." Huntington Beach Personnel Rule (hereafter "H.B. Personnel Rule") 1 (emphasis added). A basic principle underlying the rules was that "[e]mployees of the city" should have "protection from suspension, demotion, or dismissal without just cause." H.B. Personnel Rule 2.

2. A "permanent employee" is "[a]n employee who has successfully completed a probation period in a permanent position." H.B. Personnel Rule 4–29.

3. Under the Hungtington Beach Personnel Rules, a "promotion" is defined as "Changing an employee from one classification to another which has a higher maximum rate of pay." H.B. Personnel Rule 4–38. We note that the City has a policy of "encourag[ing] economy and efficiency in and *devotion to the competitive service* by encouraging promotional advancement of employees ..." and of filling vacancies from among its own employees "insofar as consistent with the best interests of the city." H.B. Personnel Rules 6–2 and 6–4 (emphasis added).

4. Under the Huntinton Beach Personnel Rules, "*An appointment from an* employment list or *promotional list is not permanent* until satisfactory completion of a probationary period of not

less than six (6) months...." H.B. Personnel Rule 9–2 (emphasis added).

5. A "permanent appointment" is defined as: "The appointment of a person to a permanent position upon successful completion of probation, when applicable, which signifies satisfactory performance in the permanent position to which the employee is assigned." H.B. Personnel Rule 4–28.

6. Appellant's supervisor in the Community Services Department, Melvin Bowen, allegedly told McGraw that she would not pass probation because she "did not fit in" and, referring to a grievance she had filed against the Police Department, he added that "Well, I guess they figured that by dumping you on me I would take care of the whole mess." Declaration of Patrice Ann McGraw in Support of Motion for Summary Judgment, August 3, 1987, at 3.

7. McGraw was thus asserting a right to be "released," a term meaning "The return of an employee to his former position in the competitive service after such employee has failed to complete a promotional probationary period successfully." H.B. Personnel Rule 4–50. We note that the "release" mechanism is not limited to return to a former position within the same department.

8. "Termination" is defined as "Separation from the competitive service." H.B. Personnel Rule 4–61. The Personnel Transaction form that accompanied the City Attorney's letter cited "Probationary Dismissal" as the type of termination to which McGraw was being subjected. "Dismissal" is defined as "discharge of an employee from the competitive service by the appointing authority *for cause*." H.B. Personnel Rule 4–15.

Attorney cited Huntington Beach Personnel Rule 9–4 [9] for the proposition that "a probationary employee [10] 'may be rejected at anytime by the department head without cause and without the right of appeal.'"

McGraw originally filed her complaint in the District Court for the Central District of California, naming the City of Huntington Beach and seven individuals as defendants and alleging facts to support a claim of sexual harassment in violation of Title VII and various pendent state law claims. By amendment of February 25, 1986, she added a cause of action under 42 U.S.C. § 1983. The district court dismissed all the pendent claims by order entered on July 9, 1986, at which time McGraw filed a complaint in Orange County Superior Court, setting forth nine state law causes of action. By stipulation in the district court on June 8, 1987, McGraw voluntarily dismissed her Title VII claim and all defendants except the City of Huntington Beach, City Administrator Charles Thompson, and Police Chief Earl Robitaille. At that point only appellant's section 1983 claim, seeking damages against these three defendants-appellees for deprivation of a "property" right in continued public employment, properly remained before the district court.

The district court heard cross-motions for summary judgment on August 31, 1987. By judgment entered on September 8, 1987, the court granted appellees' and denied appellant's motions, ruling that appellant was a "probationary employee" and, as such, was not entitled to pretermination notice and a hearing as she indisputably would have been as a matter of procedural due process if she had been a "permanent employee" when she was terminated.

## II

Viewing the foregoing undisputed evidence in the light most favorable to McGraw, we must determine *de novo* whether the district court correctly applied the relevant substantive law. *Beckwith v. Clark County*, 827 F.2d 595, 596 (9th Cir. 1987); *Dorr v. County of Butte*, 795 F.2d 875, 876 (9th Cir.1986). The questions of state law in this case are also reviewable *de novo*. *Dorr*, 795 F.2d at 876–77; *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (*en banc*).

## III

The judgment below followed logically from the district court's resolution of the mixed factual and legal question of appellant's employment status within the City's competitive service at the time she was terminated. The district court determined, on the basis of uncontroverted facts and its interpretation of the applicable Personnel Rules, that appellant was not a "permanent employee" but rather a "probationary employee," subject to summary "rejection." The court then held that appellant had no "property right" to continued employment with the City and, therefore, that her section 1983 claim must fail. We will analyze separately the district court's rulings.

## A

As appellees have noted, the terms and conditions of public employment in California are fixed primarily by statute. *Miller v. State of California*, 18 Cal.3d 808, 813–14, 135 Cal.Rptr. 386, 389, 557 P.2d 970 (1977); *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 1432, 246 Cal.Rptr. 609, 613 (1988). To ascertain the terms and conditions of appellant's employment with the City of Huntington Beach, this court must interpret *de novo* the Personnel Rules adopted by the City Council in its resolution of October 7, 1974, as applied to

---

9. H.B. Personnel Rule 9–4 provides: "During the probationary period, or any extension thereof, an employee may be rejected at any time by the department head without cause and without the right of appeal. Notification of rejection in writing shall be furnished the employee...." Under H.B. Personnel Rule 4–48, "rejection" is defined as "[t]he separation of an employee from the service during his probationary period."

10. A "probationary employee" is one who "hold[s] a probationary appointment to a permanent position." H.B. Personnel Rule 4–37.

the uncontroverted facts of this case.[11]

In California, the fundamental rules of statutory construction apply in interpreting municipal enactments. *DeYoung v. City of San Diego*, 147 Cal.App.3d 11, 17–18, 194 Cal.Rptr. 722, 725 (1983) (municipal charter provisions). In construing the Personnel Rules we must first ascertain the intent of the City Council so as to effectuate the purpose of the law, and then give the relevant provisions a reasonable and common sense interpretation consistent with the apparent purpose and intention of the local lawmakers. *Id.* Additionally, significance should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, as the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. *Id.* Finally, since the construction of a statute by officials charged with its administration is entitled to consideration, so are the opinions of a City Attorney with respect to the meaning of the city ordinance. *Id.* at 18–19, 194 Cal.Rptr. 722.

The major indicia of "intent" available to this court are the "purpose" and "principles" sections, H.B. Personnel Rules 1 and 2, as well as the statements of "policy" contained in other sections of the Rules. *See, e.g.,* H.B. Personnel Rule 6–2 (policy to foster economy and efficiency in and devotion to the competitive service by encouraging promotional advancement of City employees). We must interpret all the other relevant Personnel Rules in light of these provisions.

McGraw does not dispute that, at the time of her termination, she was serving a probationary period after receiving a promotional appointment to the position of Clerk Typist Senior in the Community Services Department. At least with respect to her promotional appointment, there can be little doubt that McGraw was a "probationary employee" within the meaning of H.B. Personnel Rule 4–37.

It is also undisputed, however, that in June of 1982 appellant successfully completed a period of probation in her permanent Police Clerk position in the HBPD. Having done so, she clearly attained the status of "permanent employee" within the meaning of H.B. Personnel Rule 4–29. There is nothing in the rules to indicate that "permanent" status can be lost once achieved, so long as a person remains an "employee" of the City. McGraw's employment status was, then, at all times between June 1982 and November 1984, that of a "permanent employee."

Appellees contend, however, that the rules do not expressly provide for *retention* of "permanent employee" status upon acceptance of a promotional appointment. In light of the City Council's stated purpose of protecting City employees from dismissal without "just cause" and the City's policy of fostering devotion to the competitive service by encouraging promotional advancement, it is very difficult to accept an argument that the City Council intended "permanent employee" status, once earned, to terminate *sub silentio* upon promotion, once again subjecting the promoted employee to the risks of what is essentially the "at-will" employment status of newly-hired probationary employees.

The question arises, then, whether appellant could have been both a "permanent" and a "probationary" employee when she was terminated. We believe that it is consistent with the Rules taken as a whole, and with the policies upon which the City's personnel system is based, to conclude that appellant was a "permanent employee" who was serving out a "promotional probationary period" in a position to which she had received a promotional appointment.

### B

We turn next to the central issue in this appeal: whether McGraw had acquired a property interest in continued city employment by the time she was summarily "re-

---

**11.** These Rules are roughly equivalent to municipal ordinances. *See,* Charter of the City of

Huntington Beach § 403 (1987).

jected." It is well settled that the procedural due process protections of the Fourteenth Amendment apply only to deprivations of property interests, the existence and dimensions of which "are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Roley v. Pierce County Fire Protection Dist. No. 4*, 869 F.2d 491, 494 (9th Cir.1989); *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir.1988), *cert. denied*, ─ U.S. ─, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989).

■ Under California law, a probationary civil service employee *ordinarily* has no property interest in continued public employment and may be dismissed without a hearing or judicially cognizable good cause. *Lubey v. City and County of San Francisco*, 98 Cal.App.3d 340, 345, 159 Cal. Rptr. 440, 443 (1979) (emphasis added); *see also Phillips v. Civ. Serv. Comm'n of San Diego County*, 192 Cal.App.3d 996, 1000, 237 Cal.Rptr. 751, 754 (1987) (probationary employee may be dismissed without a hearing and without judicially cognizable good cause). On the other hand, a public employee in California who can establish the existence of rules and understandings, promulgated and fostered by state officials, that justify her legitimate claim to continued employment absent sufficient cause, has a property interest in such continued employment within the purview of the due process clause. *Skelly v. State Personnel Board*, 15 Cal.3d 194, 207, 124 Cal.Rptr. 14, 23, 539 P.2d 774 (1975) (state civil servant who achieved "permanent employee" status had property interest protected by due process). The California courts have also recognized that public employees who have completed their probationary period ordinarily have a legitimate claim of entitlement, and thus a property right, to continued public employment. *Mendoza v. Regents of the University of California*, 78 Cal.App.3d 168, 175, 144 Cal.Rptr. 117, 121 (1978).

If McGraw were a mere "probationary employee" subject to summary "rejection"

pursuant to H.B. Personnel Rules 4–48 and 9–4, the district court's ruling that appellant had no protectable property interest in continued City employment could be affirmed. *Lubey*, 98 Cal.App.3d at 345, 159 Cal.Rptr. at 443; *Dorr*, 795 F.2d at 878 (deputy sheriff, who was initially hired with one-year probationary status and summarily terminated one month later pursuant to "probationary rejection" rule that did not restrict decisionmaking of appointing authority, had no constitutionally protected property interest in continued County employment). Because we have concluded that, at the time of termination, McGraw was a "permanent employee" of the City who was serving a term of probation in a promotional appointment, we must decide whether McGraw had a "property" interest in continued public employment that is cognizable under California law and protected by the due process clause of the United States Constitution.

The Supreme Court has provided some general guidance on how the question of the existence of a constitutionally protected "property interest" is to be resolved:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have *a legitimate claim of entitlement to it.* It is a purpose of the ancient institution of property to protect those claims *upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.* It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

*Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709 (emphasis added); *Brady*, 859 F.2d at 1548. The Court has also held that property cannot be defined by the procedures provided for its deprivation. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494 (1985). Finally, the Supreme Court has recognized that state legislators are free to choose not to confer a property interest in public employment; once conferred, however, the federal consti-

tution prohibits state lawmakers from authorizing the deprivation of such property rights without appropriate procedural safeguards. *Id.* (quoting *Arnett v. Kennedy,* 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15 (1974)).

Our recent cases have indicated that an important factor in deciding the "property interest" question is to determine whether the applicable state law "restricts the grounds on which an employee may be discharged" such that even a probationary employee could have a "reasonable expectation of continued employment." *Brady,* 859 F.2d at 1548; *Dorr,* 795 F.2d at 878; *see also Hayward v. Henderson,* 623 F.2d 596, 597 (9th Cir.1980).

Once again, we look to the applicable Huntington Beach Personnel Rules for guidance in resolving this issue. *Dorr,* 795 F.2d at 876 n. 1 (Court of Appeals has duty to inquire whether particular set of personnel rules give a public employee a property interest in continued employment). The fact that McGraw fits within the definition of a "permanent employee" within the City's competitive service, cuts in favor of finding that she had a protectable property interest. Indeed, the district court believed that such a finding would be conclusive on the issue.

There can be little doubt that if between June 1982 and May 1984 the HBPD had attempted to terminate appellant after she had attained "permanent employee" status as a Police Clerk, the grounds upon which it could have done so would have been severely restricted by several provisions in the Personnel Rules.[12] A disciplinary dismissal of such a permanent employee could have been accomplished only upon a finding of "just cause." H.B. Personnel Rules 2 and 7. If the HBPD had been confronted with the need to make lay-offs during that period, efforts would have been required on an interdepartmental basis to place permanent employees in other positions within the City's competitive service; such employees would also have been able to elect

a demotion, even if it would entail "bumping" a less senior employee, to avoid being laid off. H.B. Personnel Rules 8-2 and 7-3(c).

As of April 1984, then, McGraw undoubtedly could have had reasonable expectations of—and, therefore, a property interest in—continued employment with the City of Huntington Beach, because of the restricted grounds upon which the HBPD could have terminated her. The question then becomes what effect McGraw's May 1984 promotion had on her property interest.

At least one California case indicates that once McGraw developed these "reasonable expectations" she could hold them indefinitely, and that such expectations constitute a vested property right that survives intact a promotion to a position in a different department within the same governmental entity. *Mendoza,* 78 Cal.App.3d 168, 144 Cal.Rptr. 117. The plaintiff in *Mendoza* was a clerk in the medical records department at the Medical Center of the University of California, San Francisco, for a period of five years, after which she was promoted to the position of Hospital Pharmacist Assistant. In the first few months in her new job, Mendoza encountered difficulties and was dismissed without pretermination notice or a hearing. The court held that Mendoza had thus been unconstitutionally deprived of a property interest:

> [She] successfully completed her probationary period and achieved the status of a career employee. Under the Rules adopted and promulgated by the University, respondent could *reasonably expect that she could retain her status indefinitely unless and until she committed misconduct or failed to provide adequate services.* Under the law, she had more than a mere unilateral expectation as to her continued employment; in point of fact she had a legitimate claim of entitlement to it.

---

12. It is equally clear, however, that the HBPD would have been free to discharge McGraw without cause and without right of appeal during her *initial* probationary period, between December 1981 and June 1982, under the provisions relating to "rejection" of employees "during the probationary period." H.B. Personnel Rules 4-48 and 9-4.

*Mendoza,* 78 Cal.App.3d at 175, 144 Cal. Rptr. at 121.

The reasonable expectations of an employee in McGraw's situation as of the time of her promotion in May 1984, would have been informed by a few other Personnel Rules promulgated by the City of Huntington Beach. A reasonable employee in McGraw's circumstances could believe that the City had a policy of encouraging the promotional advancement of its employees as a means of fostering and rewarding "devotion to the competitive service." H.B. Personnel Rule 6–2. Such an employee could also reasonably believe that, far from being punished for accepting a promotion by being exposed to the risks of pure probationary status, she would have a relatively risk-free period of training and evaluation called a "promotional probationary period," after which she could be "released" back to her former position (even if in a different department) if she was unsuccessful in her promotional appointment. H.B. Personnel Rule 4–50; *see also* H.B. Personnel Rule 9–1; and City of Huntington Beach Administrative Regulation 404, § 5.1 (1982).[13]

If such a reasonable employee read the rules carefully enough, she would recognize that the summary "rejection" mechanism in Rule 9–4 is ambiguous enough to extend to "promotional" as well as to an initial "probationary period."[14] Of course, a reasonable employee in McGraw's circumstances who read Rule 9–4 would know that she was already subjected to *and had passed* a "probationary period" in her first year of employment. Having developed reasonable expectations of job security after thus attaining "permanent" status, such a reasonable employee could well interpret Rule 9–4 as being inapplicable to her.[15]

The parties have exhaustively analyzed our recent due process cases involving property interests in continued public employment. *See e.g., Beckwith,* 827 F.2d 599; *Dorr,* 795 F.2d 875; *Alexander v. City of Menlo Park,* 787 F.2d 1371 (9th Cir.1986), *cert. denied,* 479 U.S. 1032, 107 S.Ct. 879, 93 L.Ed.2d 833 (1987); *Gabe v. County of Clark,* 701 F.2d 102 (9th Cir. 1983). We note that *Beckwith* and *Gabe* involve Nevada civil servants who would have, or not have, property interests cognizable under Nevada law. *Alexander* is fully consistent with our opinion today. *See* 787 F.2d at 1373–74 (public employee who failed promotional probationary period had legitimate claim of entitlement and, hence, a protectable property interest, under City Rules which would have allowed him to "bump" junior employees in particular positions). As we have already noted, *Dorr* is clearly distinguishable from the facts of the instant appeal in that the sheriff's deputy in that case was summarily dismissed one month after he began an *initial* probationary period as a county employee. 795 F.2d at 878. The district court's reliance *Dorr* was, therefore, misplaced.

**13.** Appellees argue that McGraw was not entitled to rely on the "release" provision because the term is definitional only and is not used outside the definitions section. This argument seems inconsistent at best and disingenuous at worst, in light of appellees' further contention that any right to "retention" of permanent status upon promotion must be set forth in the employment "statute" itself.

Appellees' argument also flies in the face of the well-established principle of statutory construction that every word, phrase, sentence, and part of a statutory enactment must be accorded significance and harmonized with every other part. *DeYoung,* 147 Cal.App.3d at 17–18, 194 Cal.Rptr. at 725. Appellees' argument would read the "release" provision right out of the Personnel Rules.

**14.** Of course, a reasonable employee in McGraw's situation is not likely to have been trained in the fine art of statutory construction; she would more likely rely on custom or common understandings between employer and employee, and among employees, as the basis for her reasonable expectations.

**15.** Appellees do not argue that the City of Huntington Beach has chosen not to confer any property interest in City employment. *See Loudermill,* 470 U.S. at 541, 105 S.Ct. at 1492. Indeed, they cannot make such an argument, at least with respect to employees who have passed one probationary period, have never sought or were qualified to be promoted. Under the existing Personnel Rules, such employees undisputedly have the full panoply of procedural protections —notice, pretermination hearing, just cause standards—against summary dismissal.

■ McGraw was not a mere probationary employee. She had successfully passed one period of probation in the HBPD, and attained "permanent employee" status in the City's competitive service. A permanent City employee who was subject, as was McGraw, to a promotional probationary period, moreover, could legitimately claim on the basis of the Personnel Rules promulgated by the City of Huntington Beach to have developed and retained reasonable expectations of continued employment, at least to continued employment in the position from which they had been promoted. We conclude that McGraw had a constitutionally protected property interest, and that absent an adequate defense or immunity, appellees deprived her of that property interest without due process of law.

The judgment of the district court is REVERSED.