951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert ALEXANDER, Plaintiff-Appellant,
v.
CITY OF MENLO PARK; Mike Bedwell, City Manager of City of
Menlo Park, Defendants-Appellees.
 No. 90-16422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Dec. 13, 1991.
 
 Before CHAMBERS, TANG and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Alexander appeals the district court's award of economic and consequential damages resulting from a due process violation arising from his termination from employment with the City of Menlo Park without the opportunity to "bump" to a different job. Alexander challenges the: (1) economic loss amount; (2) emotional distress award calculation; (3) deletion of the district court's finding that he had not received severance pay, was not placed on the re-employment eligibility list, and was not offered positions after termination; (4) failure to award reinstatement; (5) calculation of pre-judgment interest; (6) failure to award vocational rehabilitation in lieu of reinstatement; (7) failure to order expungement of employment records; and (8) failure to award punitive damages against Mike Bedwell, as city manager.
 
 
 3
 The district court's computation of damages is a finding of fact. Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 451 (9th Cir.1991). We must therefore defer to the district court unless the findings are clearly erroneous. Hoptowit v. Ray, 682 F.2d 1237, 1245 (9th Cir.1982). We review de novo the legal standard used by the district court in computing damages. Palmer Construction v. Cal State Electric, No. 90-55575, slip op. 9875, 9862 (9th Cir. July 31, 1991). We conclude that the district court did not err in its damage award.
 
 
 4
 * The district court correctly determined that Alexander suffered economic loss only during the period between his termination without bumping rights and his employment with the City of East Palo Alto. The district court considered the positions for which Alexander was qualified, keeping in mind his receipt of a teaching certificate and Masters of Arts degree, and concluded that the position with East Palo Alto was at a level equal to or higher than his previous position. This finding is not clearly erroneous.
 
 
 5
 The damages in a Section 1983 action must be for actual loss causally connected to the due process violation. The district court held that Alexander terminated employment with East Palo Alto for reasons unrelated to the due process violation. The district court correctly determined that termination of subsequent employment was causally unrelated to the failure to offer Alexander bumping rights, but rather was a result of proper termination, judicial decisions and publicity about the litigation.
 
 II
 
 6
 The district court found that Alexander had suffered damages for emotional distress compensable in the sum of $100,000. It then apportioned the award to ten percent, commensurate to the causal effect of the due process violation. It reasoned that factors other than the failure to be accorded bumping rights caused the emotional distress. This holding is not in error.
 
 III
 
 7
 Alexander abandoned his claim to the re-employment eligibility list when it was not raised as an issue in his first appeal from the district court. Therefore, it cannot now be argued on appeal. See United States v. Loya, 807 F.2d 1483, 1487 (9th Cir.1987); Munoz v. County of Imperial, 667 F.2d 811, 817 (9th Cir.1982), cert. denied, 459 U.S. 825 (1982). Alexander's mere reference to the re-employment eligibility list in the prior appeal is insufficient to preserve the issue for a later appeal. See Taylor v. United States, 815 F.2d 249, 252 (3d Cir.1987) (issue was preserved for a subsequent appeal when it was actually argued in a footnote). The opinion on appeal did not leave this issue open for further action. The remand was limited to determining emotional distress and attorney's fees. Alexander v. City of Menlo Park, 787 F.2d 1371, 1376 (9th Cir.1986), cert. denied, 479 U.S. 1032 (1987).
 
 IV
 
 8
 Pre-judgment interest is within the discretion of the trial court and is reviewed for an abuse of discretion. Western Pacific Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1288 (9th Cir.1984). The district court determined that an interest rate other than that prescribed by 28 U.S.C. § 1963 (1988) was required by the equities in the case. The facts are sufficient to conclude that the district court did not err in examining the countervailing equities.
 
 V
 
 9
 Alexander did not seek reinstatement or vocational rehabilitation in the first appeal, therefore the issues were abandoned. Loya, 807 F.2d at 715.
 
 
 10
 Expungement is an equitable remedy. The trial court's decision not to award expungement was not an abuse of discretion based on the facts presented.
 
 
 11
 Judgment was initially rendered only against the City of Menlo Park. This aspect of the judgment was not challenged in the first appeal. Any claims against Mike Bedwell individually were abandoned.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3