Taron VALENTIN, Plaintiff–Appellant,

v.

Robert TODD, in his individual and official capacity as a police officer with the City of South Gate; et al., Defendants–Appellees.

No. 04–57113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2007 *.

Filed May 3, 2007.

Edward P. Zappia, Esq., Jackson Lewis, LLP, Los Angeles, CA, for Defendants–Appellees.

Corey W. Glave, Esq., Goldwasser & Glave LLP, Los Angeles, CA, for Plaintiff–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suit-   able for decision without oral argument. *See*

## MEMORANDUM **

Taron Valentin appeals from the district court's summary judgment in favor of the City of South Gate, and the South Gate city council, mayor, and chief of police. He challenges the district court's ruling that a contract to reinstate his employment as a police officer was void as a matter of law. He also challenges the district court's denial of his motion for additional discovery time and its award to appellees of $75,000 in attorney fees. We reverse.

We review the district court's summary judgment ruling de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004); *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004). We review the district court's rulings concerning discovery and an award of attorney's fees for an abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009, 1011 (9th Cir.2004).

Relying on *South Bay Senior Housing Corporation v. City of Hawthorne*, 56 Cal. App.4th 1231, 66 Cal.Rptr.2d 99 (1997), and *G.L. Mezzetta, Inc. v. City of American Canyon*, 78 Cal.App.4th 1087, 93 Cal. Rptr.2d 292 (2000), the district court held that the reinstatement contract was void as a matter of law because it was not signed by the mayor, as required by California Government Code section 40602.[1] In *South Bay*, the California Court of Appeal for the Second District held that a contract is not enforceable unless it is signed by the mayor. 56 Cal.App.4th at 1236, 66 Cal.Rptr.2d 99. In that case there was no dispute over whether the city provided "otherwise" by ordinance. *Id.*

The court held that the word "shall" in section 40602 was mandatory. *Id.* In *G.L. Mezzetta*, the First District Court of Appeal held that ratification and estoppel may not be invoked to enforce a contract that is not signed by the mayor because without the proper signature the contract is invalid and void. 78 Cal.App.4th at 1093–94, 93 Cal.Rptr.2d 292.

■ We agree with Valentin that *South Bay* is not dispositive because there is a question of fact as to whether, under South Gate's municipal code, the contract was properly executed. The municipal code authorizes the city manager to "exercise control over all departments of the city government," to "direct and supervise the purchase and acquisition, in any lawful manner, of all property, equipment, services, materials and supplies for the city," and to "perform other duties . . . as may be delegated . . . by . . . motion of the city council." South Gate Municipal Code § 1.06.060 (2001). Here, the city council, by its conduct, clearly interpreted the municipal code to permit the city manager to sign this contract, and this interpretation is entitled to consideration in our analysis. *See McGraw v. City of Huntington Beach*, 882 F.2d 384, 388 (9th Cir.1989). We also note that the city council, in 2003, chose to rescind the agreement on grounds other than the absence of proper signature. We hold that the district court erred as a matter of law by determining that Section 40602 rendered this contract void when no one, including city officials, appears to argue that it was signed in a manner not permitted by local law. Therefore, there is a material issue of fact as to whether the

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Section 40602 provides that "[t]he mayor shall sign . . . [a]ll written contracts . . . entered into by the city." It also allows for a city's legislative body to provide by ordinance that a city contract "be signed by an officer other than the mayor."

director of development services, Margo Wheeler, had been granted authority to sign in the interim manager's absence.

It is worth noting that California case law is not settled on whether noncompliance with Section 40602 automatically eliminates the possibility of subsequent enforcement by estoppel. *Contrast City of Orange v. San Diego County Employees Retirement Association*, 103 Cal.App.4th 45, 53–57, 126 Cal.Rptr.2d 405 (2002), with *G.L. Mezzetta*, 78 Cal.App.4th at 1092, 1094, 93 Cal.Rptr.2d 292. Since we are vacating the district court's summary judgment in its entirety, we bring this conflict to the district court's attention in the event that estoppel becomes relevant to the ultimate determination of appellees' motion for summary judgment. *See McCallum v. McCallum*, 190 Cal.App.3d 308, 315 n. 4, 235 Cal.Rptr. 396 (1987) (explaining that "as a practical matter, a superior court ordinarily will follow an appellate opinion emanating from its own district even though it is not bound to do so"); *see also* 9 Witkin Cal. Proc. Appeal § 933. However, we also note that Valentin's request for relief under § 1983 does not implicate California's estoppel doctrine because under § 1983 we focus on the plaintiff's legitimate expectations of continuing employment, not the enforceability of the contract. *See McGraw*, 882 F.2d at 389. Because the employee must show that "rules and understandings, promulgated and fostered by state officials" justified his expectation, *see id.*, this inquiry resembles the estoppel analysis but is not tied directly to it.

■ We also decline to affirm the district court on grounds that the terms of the reinstatement agreement are illegal and against public policy. On this record, appellees have failed to establish as a matter of law that the agreement contravenes the Government Code, South Gate's municipal code, or the mandates of the Commission on Peace Officer Standards and Training (POST).

Government Code section 1031, on its face, does not apply to reinstated employees. Indeed, in the only case that discusses the application of section 1031, *County of Riverside v. Superior Court of Riverside*, 27 Cal.4th 793, 798, 118 Cal.Rptr.2d 167, 42 P.3d 1034 (2002), the California Supreme Court suggested that section 1031 may not apply in all situations. The court stated that "[s]ection 1031 ... contemplates that new applicants be subject to the background investigation before they are hired," *id.* at 798, 118 Cal.Rptr.2d 167, 42 P.3d 1034, and recognized that section 1031's requirements could be imposed on a police officer transferring from one agency to another, or "perhaps" on an officer applying for a different position within the same agency, *id.* at 806, 118 Cal.Rptr.2d 167, 42 P.3d 1034. However, it fell short of mandating or proscribing compliance with section 1031 in a reinstatement situation.

Additionally, while South Gate's municipal code requires adherence to POST standards, POST regulations are silent regarding the scope of a background investigation and probation requirements for employees who are reinstated after the rescission of a termination.

Finally, appellees cite to no law (1) prohibiting a city from entering into a contract to rescind a termination and reinstate an employee whom, in hindsight, it feels that it wrongly terminated, or (2) requiring that a background investigation for a reinstated employee consider the conduct for which the city agreed to forgive the employee. Accordingly, we conclude that on this record, the reinstatement agreement is not illegal or contrary to public policy.

In sum, a question of fact exists regarding whether the director of development services acting in the city manager's absence, had authority to sign the reinstatement agreement, and the district court abused its discretion by not allowing discovery on this question. Accordingly, we reverse and remand for further proceedings consistent with this disposition. We also reverse the district court's award of attorney's fees because Valentin's lawsuit is not frivolous.

**REVERSED AND REMANDED.**