**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Ricardo BERAUN–PANEZ,
Defendant-Appellee.**

**No. 86–3047.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 5, 1986.

Decided March 13, 1987.

Amended Oct. 15, 1987.

Warren S. Derbidge, Boise, Idaho, for plaintiff-appellant.

Jeffrey J. Hepworth, and John C. Hohnhorst, Twin Falls, Idaho, for defendant-appellee.

Before FLETCHER, FERGUSON and REINHARDT, Circuit Judges.

**ORDER**

The opinion published at 812 F.2d 578 (9th Cir.1987) is modified as follows:

Delete the paragraph on page 581, second column that begins: "The physical environment,": and ends at the top of page 582, first column with "... subject to abuse." *Id.* and replace it with the following:

Beraun-Panez was interrogated on the Idaho range, where he was performing his duties as a cattle ranger. The district court found that the physical environment was not inherently oppressive, as it was familiar to the defendant. This finding is not clearly erroneous. Nonetheless, like the district court, we conclude that this factor does not change our view that the interrogation was custodial. By keeping Beraun-Panez isolated from other people, the officers contributed to the custodial nature of the interrogation. The Supreme Court in *Miranda* noted that separating a subject from others, who might lend moral support to a person questioned and thereby prevent inculpatory statements, was a technique of psychological coercion. 384 U.S. 436 at 449–50, 455, 86 S.Ct. 1602, 1617, 16 L.Ed.2d 694 (1966); *cf. Berkemer*, 468 U.S. 420 at 438, 104 S.Ct. 3138, 3149, 82 L.Ed.2d 317 (1984) ("Perhaps most importantly, the typical traffic stop is public, at least to some degree. Passersby, on foot or in other cars, witness the interaction of officer and motorist. This exposure to public view both reduces the ability of an unscrupulous policeman to use illegitimate means to elicit self-incriminating statements and diminishes the motorist's fear that, if he does not cooperate, he will be subjected to abuse."). When Beraun-Panez's co-worker approached on horseback, Agent Hughes told Deputy Webb to intercept him. Webb stopped the co-worker about sixty feet from the pickup, and after a brief conversation, the co-worker returned to his work. The district court did not clearly err in finding that this incident contributes to the conclusion that Beraun-Panez was in custody.

The petition for rehearing and rehearing en banc has been circulated to the full court and has been rejected for rehearing en banc by a majority vote of the full court. Accordingly, the petition is denied.