892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna THOMPSON, Joyce Rockhold, and Alonzo Campbell,
Defendants-Appellants.
 Nos. 88-5316, 88-5317 and 88-5460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1989.*
Submission Withdrawn Aug. 11, 1989.
Resubmitted Dec. 28, 1989.
Decided Jan. 3, 1990.
 
 1
 Before FLETCHER and NELSON, Circuit Judges, and EARL H. CARROLL, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants challenge the district court's denials of their motions to suppress evidence. We review the district court's findings of fact for clear error, United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). We review the propriety of a denial of a motion to suppress de novo. United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir.1986).
 
 
 4
 [A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). We agree with the district court that, assessing the totality of the circumstances, none of the defendants was detained until discovery of the cocaine.
 
 
 5
 Rockhold and Campbell were approached on the plane. The drug enforcement agents were dressed in plain clothing, displayed no weapons, and spoke in a non-coercive manner. The agents identified themselves and asked Rockhold, Campbell, and their companion if they could speak with them. The three responded affirmatively. The agents requested that they move to the back of the plane for privacy and to allow others through the aisle. Before questioning the suspects, the agents informed them that they were not under arrest and were free to leave, and each suspect explicitly stated that he or she understood. Although the agents asked to examine their tickets, the agents returned the tickets to the suspects after examining them. See United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1505 (9th Cir.1988) (holding that under Royer, asking for and examining a suspect's ticket and identification card were not, in the absence of other evidence of coercion or restraint, impermissible).
 
 
 6
 Appellants argue that a reasonable person would not have felt free to leave because the plane would not take off as long as the police were on board conducting their investigation and because the plane is a closed, restrictive environment. We recognize that the absence of physical force does not alone determine whether a reasonable person would feel free to leave; police may coerce a suspect by otherwise displaying their authority. See United States v. Beraun-Perez, 812 F.2d 578, modified, 830 F.2d 127 (9th Cir.1987). We find, however, that the agents were not so positioned or numbered as to create an atmosphere of restraint. Cf. United States v. Berryman, 717 F.2d 650 (7th Cir.1983) ("[T]he number and position of the officers have been recognized as important considerations for determining whether an atmosphere of restraint can be said to have existed."), cert. denied, 465 U.S. 1100 (1984). There was no testimony that the two officers cornered the suspects such that they were physically prevented from moving away; they approached them in the aisle of the plane. Although the confines of an airplane are restrictive, a reasonable person approached on a plane in the manner in which Rockhold and Campbell were approached would still believe himself or herself free to take his or her seat and decline to talk to the police.
 
 
 7
 We also find that Rockhold's and Campbell's consent to a search of their luggage and a pat-down of their persons was voluntary. The suspects explicitly consented to the searches under non-coercive circumstances. Although defendant Rockhold testified that she did not explicitly consent to a pat-down, the police officer testified that she did; we defer to the district court's resolution of conflicting evidence. See, e.g., Mayview Corp. v. Rodstein, 620 F.2d 1347, 1353 (9th Cir.1980).
 
 
 8
 We also find that the circumstances surrounding the questioning and search of Donna Thompson were non-coercive and would not cause a reasonable person to believe she was not free to leave. Contrary to appellant's assertion, she was not "surrounded by police." Thompson, who was with two friends in the airport near the boarding gate, was initially approached by only one officer. The officer identified himself and asked if the three would mind answering a few questions. The officer advised the three suspects, before questioning them, that they were not under arrest and were free to leave. All three consented to having their luggage searched and their persons patted-down. There is no evidence that Thompson's consent was not wholly voluntary.
 
 
 9
 Therefore, we agree with the district court that the defendants were not detained within the meaning of the fourth amendment.
 
 
 10
 We reject Rockhold's and Thompson's constitutional challenged to the five-year mandatory minimum sentence. This court recently held that the mandatory sentencing provisions do not violate either the Equal Protection Clause or the doctrine of separation of powers on the ground that appellants put forth. United States v. Kinsey, 843 F.2d 383, 393-94 (9th Cir.), cert. denied, 109 S.Ct. 99 (1988). Appellants' eighth amendment challenge to their five-year terms also fails, for this court has also held that the mandatory sentencing provisions do not constitute cruel and unusual punishment. United States v. Kidder, 869 F.2d 1329, 1333-34 (9th Cir.1989).
 
 
 11
 For the reasons provided above, the decision below is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3