114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto MENDEZ-VERDEJO, Defendant-Appellant.
 No. 96-50334.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1997.
Decided May 21, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant appeals the District Court's denial of his Motion to Suppress, which sought suppression of statements he made to Border Patrol agents prior to receipt of Miranda warnings, as well as evidence obtained as a result of those statements. Appellant also appeals his conviction for being an alien felon in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1), on the basis of the District Court's decision not to permit presentation of the issue of the lawfulness of Appellant's prior deportation to the jury. Appellant also seeks to vacate his sentence insofar as the District Court increased his offense level by three points under § 3A1.2(b) of the United States Sentencing Commission, Guidelines Manual (Nov. 1995) ("U.S.S.G."). We have jurisdiction pursuant to 18 U.S.C. § 2742(a) (1994) and 28 U.S.C. § 1291 (1994), and we affirm.
 
 I.
 
 4
 The District Court's decision to deny the Motion to Suppress was proper because Appellant's arrest and the questioning leading to it were lawful. Taking the evidence in the light most favorable to the Government, the facts before the lower court were sufficient to give rise to reasonable cause. See Terry v. Ohio, 392 U.S. 1, 20-22 (1968); Morgan v. Woessner, 997 F.2d 1244, 1252 (9th Cir.1993). At 4:30 a.m. on November 18, 1995, Border Patrol agents saw Appellant traveling with four companions approximately half a mile north of the border with Mexico. The Border Patrol agents recognized the pattern in which the group moved through the area as typical of illegal alien traffic, with a "coyote" leading the group and then directing his charges to lead the way through an area known for surveillance activity. When the Border Patrol agents attempted to detain four of the travelers, one fled.
 
 
 5
 Having had reasonable suspicion to stop Appellant, the Border Patrol Agent interrogated Appellant by asking questions about his place of birth and immigration documents. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1046-47 (9th Cir.1990); United States v. Equihua-Juarez, 851 F.2d 1222, 1226 (9th Cir.1988); United States v. Mata-Abundiz, 717 F.2d 1277, 1280 (9th Cir.1983). Although Appellant was interrogated, Miranda is not implicated where, as here, such interrogation occurred during a lawful temporary detention or other seizure that does not rise to the level of custody. United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir.1985); United States v. Woods, 720 F.2d 1022, 1029 (9th Cir.1983). Here, nothing was done to suggest that Appellant was in custody until after he responded to the Border Patrol agent's questions. Although the Border Patrol agent's testimony (at trial, subsequent to the Court's ruling) indicated that he would have chased Appellant had he attempted to run, such a chase and the resulting detention would likely have been lawful under Terry, 393 U.S. at 27. Further, the subjective, unexpressed intention of the officer is not relevant to determining whether Appellant was in custody; in the absence of actual arrest, for a suspect to be in custody, "something must be said or done by the authorities, either in their manner of approach or in the tone or extent of their questioning, which indicates that they would not have heeded a request to depart or to allow the suspect to do so." United States v. Beraun-Perez, 812 F.2d 578, 580 (9th Cir.), as amended, 830 F.2d 127 (9th Cir.1987).
 
 
 6
 Once Appellant revealed he was Mexican and had no immigration documents, the officer's reasonable suspicion ripened into probable cause to arrest. See United States v. Avalos-Ochoa, 557 F.2d 1299, 1303 (9th Cir.1977) (citations omitted). Thereafter, Appellant was not subjected to custodial interrogation until he was taken to the Border Patrol Station and advised of his Miranda rights. The District Court did not err in refusing to suppress Appellant's statements and the evidence gathered as a result thereof.
 
 II.
 
 7
 Appellant's challenge to the District Court's determination that his deportation was lawful is precluded by this Court's unanimous en banc decision in United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir.1996), cert. denied, 117 S.Ct. 1096 (1997). See also United States v. Mendoza-Lopez, 481 U.S. 828, 834-37 (1987) (lawfulness of a prior deportation is not an element of the offense in prosecutions under 8 U.S.C. § 1326).
 
 III.
 
 8
 The District Court's legal interpretation of the Sentencing Guidelines is reviewed de novo. 18 U.S.C. § 3742(e); see also United States v. Sanchez, 914 F.2d 1355, 1361 (9th Cir.1990) (citations omitted). Factual findings are reviewed for clear error, with due regard for the District Court's credibility determinations. 18 U.S.C. § 3742(e) (1994).
 
 
 9
 Appellant's challenge to the District Court's legal ruling that U.S.S.G. § 3A1.2(b) could be used to enhance his sentence fails in light of United States v. Powell, 6 F.3d 611, 614 (9th Cir.1993) (affirming lower court's decision to apply § 3A1.2(b) for assault during or in flight from "victimless" crime of being felon in possession of a firearm).[1]
 
 
 10
 Further, reviewing the factual record, it was not clear error for the District Court to enhance Appellant's sentence for aggravated assault based upon his struggle with Border Patrol agents at the time of his arrest. Such an increase is appropriate if, during the course of the offense, Appellant knew or had reasonable cause to believe that Border Patrol Agent Robert Senior ("Senior") was a law enforcement officer, and he assaulted Senior in a manner creating a substantial risk of serious bodily injury. This enhancement is "limited to assaultive conduct against law enforcement or corrections officers that is sufficiently serious to create at least a 'substantial risk of serious bodily injury' and that is proximate in time to the commission of the offense." U.S.S.G. § 3A1.2(b), comment. (n. 5).
 
 
 11
 In light of the facts presented in this case, the District Court's findings were not clearly erroneous. Testimony, which was either uncontroverted or found to be credible by the District Court, indicated that Appellant struggled with the arresting officer, attempted to grab his baton, and repeatedly kicked and hit the officer, including an unspecified number of blows to the officer's head. Accordingly, the District Court did not commit clear error in enhancing Appellant's sentence on the grounds of an aggravated assault.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's citations to United States v. Hunter, 985 F.2d 1003 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir.1993), and United States v. Cherry, 10 F.3d 1003 (3d Cir.1993), are inapposite. Neither case constitutes authority binding on this Court, and both cases involve subsection (a) of § 3A1.2, the language and reach of which are more narrow than subsection (b)