**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cindy S. NICKSON, Defendant— Appellant.**

No. 01–10238.

D.C. No. CR–98–00339–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided July 11, 2002.

Before RYMER, KLEINFELD and McKEOWN, Circuit Judges.

MEMORANDUM *

Appellant Cindy S. Nickson challenges the district court's denial of her motion to suppress statements she made to store detectives who were investigating a theft from a cash register at the McClellan Air Force Base Exchange. Specifically, Nickson argues that she was interrogated while in custody and that the store detectives were law enforcement officers obligated to provide her with *Miranda* warnings. She argues that their failure to do so means her statements should be suppressed.

Because *Miranda* warnings are required only for individuals who are questioned in custody,[1] we directed the district court to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam).

make a determination as to whether Nickson was in custody when she was questioned. The district court found that she was not.[2] On de novo review of this mixed question of fact and law,[3] we agree with the district court and affirm.

Whether a suspect is in custody depends, in viewing all of the circumstances surrounding the interrogation, on "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."[4] We look at the objective circumstances of the interrogation[5] and determine whether the suspect was questioned in "a setting from which a reasonable person would believe that he or she was not free to leave."[6] Here, Nickson was questioned in the store manager's office upon the request of the store detectives. After she admitted to taking the money in question, the detectives had her sign a promissory note for its return, and they then allowed her to call a friend to whom she supposedly gave the money, in an effort to have the friend return the money to her at the store. Only after waiting for several hours, in which time the friend did not appear with the money, did the store detectives contact the military police, who then arrested Nickson and cited her for theft. Because Nickson was not in custody, *Miranda* does not apply, and we need not reach the constitutional question whether these store detectives could be considered law enforcement officers bound by *Miranda*.

AFFIRMED.

---

2. *See United States v. Nickson*, No. CR–S–98–339 GGH (E.D.Cal. May 29, 2002) (order finding that defendant was not in custody).

3. *See United States v. Kim*, 292 F.3d 971, 973–74 (9th Cir.2002); *United States v. Coutchavlis*, 260 F.3d 1149, 1157 (9th Cir.2001) (citing *Thompson v. Keohane*, 516 U.S. 99, 112–13, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). We review for clear error a district court's factual findings underlying its custody determination. *See Kim*, 292 F.3d at 973–74; *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir.2001).

4. *See Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (internal quotation marks omitted).

5. *Id.* at 323.

6. *United States v. Beraun–Panez*, 812 F.2d 578, 580 (9th Cir.), *modified by* 830 F.2d 127 (9th Cir.1987).