UNITED STATES of America, Plaintiff—Appellee,

v.

JUVENILE MALE, Defendant—Appellant.

No. 04–10417.

D.C. No. CR–03–01311–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2005.

Decided June 2, 2005.

Joan G. Ruffennach, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Michael D. Gordon, Federal Public Defender's Office, Phoenix, AZ, for Defendant-Appellant.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Sixteen-year-old Juvenile Male entered a conditional plea of guilty to one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 5031–37; 1153, 2241(c); and 2246(2)(D).[1] The condition he reserved allows him to appeal the district court's denial of a motion to suppress.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

Juvenile Male argues that the statements he made to Agent Robel and Investigator Begay should be suppressed because he was "in custody" at the time and he was not advised of the *Miranda* warnings. To determine whether an individual was "in custody," a court must, after examining all of the circumstances surrounding the interrogation, decide "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." *Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam) (internal quotation marks omitted). "Two discrete inquiries are essential to the ['in custody'] determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane,* 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (footnote omitted).

In making the ultimate "in custody" determination, the following factors are among those likely to be relevant: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *United States v. Beraun–Panez,* 812 F.2d 578, 580 (9th Cir.), *modified by* 830 F.2d 127 (9th Cir.1987). This list of factors is illustrative and not exhaustive. *See United States v. Kim,* 292 F.3d 969, 974 (9th Cir.2002).

Considering the totality of the circumstances, we conclude that a juvenile who is summoned from his home, placed in a government vehicle, told that agents would like to speak with his mother first, informed that his presence with the agents is necessary to assist them in locating and identifying his mother, informed that he will be allowed to leave *after* the agents have conducted their interrogation, and is then during the ensuing interrogation, which is conducted by two agents in the government vehicle with its doors locked, made aware that he is the only suspect in a crime, confronted with evidence of his guilt that the agents certify as true, informed that "help" was available if he submitted to the "court process," and not advised of any of his constitutional rights, would likely harbor a reasonable belief that he was "in custody," despite the fact that the agents told him that he would not be arrested *that same day.* We hold that Juvenile Male's belief that he was "in custody" was reasonable, given all the circumstances. *See Kim,* 292 F.3d at 969.

Because Juvenile Male was not made aware of his *Miranda* rights prior to making the inculpatory statements at issue, the statements made by him during the course of the "in custody" interrogation should have been suppressed. Juvenile Male's conviction is

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.

FERNANDEZ, Circuit Judge, dissenting.

I do not think that the district court clearly erred[1] when it found that the juvenile (JM) was not in custody. As soon as he was contacted by the officers, and even before he went to the officers' car, he was advised of the reason for their presence and asked if he was willing to talk about the matter; he said he was. They then asked him if he would do so in the car; he was willing to do that too. Then, before the officers asked him any questions he

---

**1.** *See United States v. Kim,* 292 F.3d 969, 973–74 (9th Cir.2002).

**424**

was again asked if he was willing to talk and he was told that he was not under arrest, would not be arrested, and was free to go.

True it is that, after JM had twice said that he was willing to talk to the officers, they told him "he was not under arrest, nor would he be arrested, [and] after we were done talking he would be free to leave." I cannot say that as a matter of law that amounts to a statement that JM was prohibited from leaving until the talk was over. Rather, the district court could decide, as it effectively did, that the statement was a natural way of saying that JM *was* free to go. And, of course, at any time that JM chose to stop talking, they would be finished talking, and he would be free to leave because the whole encounter hinged on his willingness to speak with the officers. Moreover, it is not as if JM was locked away in a dark room and put upon. He was sitting in a car out in front of his own house in broad daylight for less than an hour—indeed it is probable that the whole encounter from start to finish took around 30 minutes.

In short, as I see it, the district court did not clearly err as to the facts, and based upon those facts the district court did not err in reaching its legal conclusion.

Thus, I respectfully dissent.